## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

AMIR JAKUPOVIC,                      )
                                     )
           Plaintiff,                )
                                     )          Case No. 16 C 03636
     v.                              )
                                     )          Judge Sharon Johnson Coleman
MARK C. CURRAN, JR.,                 )
TERRENCE BARRETT,                    )
CHRISTINE HECKER, and                )
JOSEPH FUSZ, in their individual     )
capacities,                          )
                                     )
           Defendants.               )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Amir Jakupovic, filed a four-count Complaint against Mark C. Curran, Jr., Terrence

Barrett, Christine Hecker, and Joseph Fusz, individually, for their alleged roles in his pretrial

detention in Lake County Jail. Defendants move to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim [14]. For the reasons stated below, this Court grants

defendants' motion to dismiss.

**Background**

Plaintiff, Amir Jakupovic, is a Cook County, Illinois, resident who claims he was wrongfully

detained in Lake County Jail from November 17, 2015, until November 23, 2015. (Dkt. 1, Compl. at

¶ 5). Defendant, Mark C. Curran, was the Lake County Sheriff and director of the Lake County Jail.

(*Id.* at ¶ 6). Defendant, Terrence Barrett, was the Lake County Pretrial Unit Manager at the Lake

County Jail responsible for pretrial detainees and electronic monitoring. (*Id.* at ¶ 7). Defendant,

Christine Hecker, was the Lake County Principal Probation Officer. (*Id.* at ¶ 8). Defendant, Joseph

Fusz, was a Lake County Assistant State's Attorney. (*Id.* at ¶ 9). The Complaint alleges that each

defendant had the power and authority to transfer Jakupovic to Cook County for electronic

monitoring.

In September 2015, Jakupovic's girlfriend filed a domestic battery report in the Circuit Court of Cook County and her mother filed a telephone harassment report in the Nineteenth Circuit Court of Lake County. (*Id.* at ¶ 10). On September 25, 2015, Jakupovic was charged with telephone harassment in the Nineteenth Circuit Court of Lake County. (*Id.* at ¶ 11). Jakupovic's brother posted bond on his behalf and Jakupovic was released. (*Id.* at ¶ 12). On October 15, 2015, the domestic battery charge was dismissed by the Circuit Court of Cook County with a voluntary one-year Plenary Order of Protection. (*Id.* at ¶ 13).

On October 22, 2015, Jakupovic appeared for arraignment before the Honorable Raymond Collins of the Nineteenth Circuit Court of Lake County and entered a plea of not guilty on the telephone harassment charge. (*Id.* at ¶ 14). Judge Collins ordered Jakupovic to undergo an Ontario Domestic Assault Risk Assessment ("ODARA") pursuant to 725 ILCS 5/110-5(f) (amended). (*Id.*). On November 17, 2015, Jakupovic appeared before the Nineteenth Circuit Court of Lake County for pre-trial. (*Id.* at ¶ 15). Assistant Lake County State's Attorney, Joseph Fusz, requested the Court place Jakupovic on electronic surveillance. (*Id.*). Jakupovic's counsel objected based on the plenary order and the fact that Jakupovic had not been in contact with the victim or her family. (*Id.*).

Christine Hecker prepared the ODARA report, which indicated that Jakupovic was a Cook County resident and that, pursuant to "Diane's Law," Jakupovic may be subject to GPS monitoring. (*Id.* at ¶ 17). At the next hearing on November 17, 2015, Hecker was not present, but both the Court and the ASA Fusz had an advance copy of the ODARA report. (*Id.* at ¶ 16). Judge Collins ordered Jakupovic to be taken into custody and placed on electronic surveillance, allegedly without argument from his counsel who was present. (*Id.* at ¶ 18). According to the Complaint, the Lake County Sheriff's Department requires any pretrial detainee provide them with a Lake County address to begin electronic surveillance. (*Id.* at ¶ 19). If a pretrial detainee, like Jakupovic, does not have a Lake County address, he cannot be released. (*Id.*)

On November 18, 2015, Jakupovic's counsel filed an emergency motion because the electronic monitoring condition of Jakupovic's bond could not be satisfied and he would then be held in Lake County Jail indefinitely. (*Id.* at ¶ 22). Judge Collins denied the emergency motion and refused to reconsider his order. (*Id.*). The Complaint alleges that Judge Collins found "Defendant's inability to meet the conditions of his bond, one of which is his lack of a Lake County address for the purposes of electronic monitoring, is not sufficient grounds for reconsideration." (*Id.*). According to the Complaint, all of the defendants were aware that under 730 ILCS 5/5-6-3(f) convicted defendants electronically monitored as a condition of probation or parole may be transferred to the county of their residence for purposes of electronic monitoring. (*Id.* at ¶ 23). Jakupovic alleges that Lake County was capable of transferring him to Cook County for electronic monitoring and refused. (*Id.* at ¶ 24). After six days in Lake County Jail, Jakupovic pled guilty to telephone harassment. (*Id.* at ¶ 26). He filed the Complaint now before the Court, asserting that the Lake County Sheriff, the Pretrial Unit Manager, the Principal Probation Officer, and ASA Fusz violated his constitutional rights by keeping him in Lake County jail instead of transferring him to Cook County for electronic monitoring.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff may plead himself out of court by alleging facts that defeat the claim. *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).

**Discussion**

Defendants move to dismiss the complaint in its entirety for failing to state a claim. Defendants argue that Count I must be dismissed because the Eighth Amendment does not apply to pretrial detainees, and Jakupovic has not stated a claim for deliberate indifference under the Fourteenth Amendment Due Process clause. Defendants assert that Counts II and III should be dismissed because the allegations are conclusory and each defendant is entitled to immunity. Count IV for false imprisonment must fail because Jakupovic was detained pursuant to court order and the *Rooker-Feldman* doctrine bars this Court's review of Judge Collins' order imposing pretrial bond conditions. This Court will address each Count in turn, though the crux of the claim is whether the defendants had the authority to transfer Jakupovic to Cook County for electronic monitoring.

*1. Count I – Eighth Amendment*

At the outset, Jakupovic cannot state a claim for an Eighth Amendment violation because he was a pretrial detainee. Although the same standard applies to determine whether a pretrial detainee has suffered a deprivation of his rights, the appropriate vehicle for asserting those rights is the Fourteenth Amendment Due Process clause. *See Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).

The allegations in the Complaint here fail to state a claim for a violation of Jakupovic's constitutional rights. Jakupovic claims it was unconstitutional for defendants to keep him in custody at Lake County Jail for six days. "[A]n investigation into substantive due process involves an appraisal of the totality of the circumstances rather than a formalistic examination of fixed elements:

4

That which may, in one setting, constitute a denial of fundamental fairness, shocking to the universal sense of justice, may, in other circumstances, and in light of other considerations, fall short of such denial." *Armstrong v. Squadrito*, 152 F.3d 564, 570 (7th Cir. 1998) (internal citations omitted). While a prolonged detention implicates a protected interest under substantive due process, the bulk of authority suggests constitutional violations only occur when the detention is without appearance before a magistrate. *See, e.g., Coleman v. Frantz*, 754 F.2d 719 (7th Cir. 1985) (18-day detention with no first appearance found to violate Due Process); *Brown v. Patterson*, 823 F.2d 167 (7th Cir. 1987) (a week-long detention with no first appearance found to violate Due Process under the Fourteenth Amendment); *Hernandez v. Sheahan*, 455 F.3d 772 (7th Cir. 2006) (no constitutional violation where individual had been to court and was detained pursuant to court order for 15 days before discovery that he was misidentified). Plaintiff does not refer to any authority that holds a constitutional violation occurs where a pretrial detainee is kept in custody for six days pursuant to a court order.

Although he alleges that each defendant had the power and authority to release Jakupovic from the Lake County Jail and transfer him to Cook County for electronic monitoring, there is no authority for defendants to act in contradiction to the court's order. Jakupovic contends that the requirement of a Lake County address was a condition of electronic monitoring imposed by the Lake County Sheriff. "The definitions of bail and recognizance… and the statutory framework provided for the release of a defendant on bail or recognizance, leave no doubt that the trial court is responsible for setting and modifying bail and releasing a defendant on his or her own recognizance." *People v. Campa*, 217 Ill. 2d 243, 264 (2005). Accordingly, this Court dismisses Count I.

*2. Count II and Count III – Policy Claims*

Defendants argue that both Counts II and III must be dismissed, first because they fail to adequately allege unconstitutional policy and practice claims pursuant to *Monell*, and second, because

each of the defendants are entitled to immunity. Plaintiff asserts that it is premature to dismiss the Complaint, in whole or in part, based on immunity because there has not yet been an opportunity for discovery. This Court does not believe discovery is necessary at this juncture since the allegations in the Complaint clearly support a finding that the defendants are entitled to immunity.

Count II alleges that all the defendants failed to have a policy in place for transferring inmates who reside outside Lake County to their home county for electronic monitoring. Count III alleges that Curran, as Lake County Sheriff, had an unconstitutional policy for detaining inmates, who should be on electronic monitoring. Plaintiff states that he is not asserting municipal liability based on an unconstitutional practice or policy by Lake County pursuant to *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 694 (1978). Instead, the Complaint presents an unusual scenario, where plaintiff is seeking to hold individual defendants liable for a policy, without presenting any factual support for their policy-making authority and alleging only a single incident. At the same time, plaintiff seeks to hold Curran liable for having a policy of detaining inmates who do not have a Lake County address, but who should be on electronic monitoring. Jakupovic refers to 730 ILCS 5/5-6-3(f) as the statutory provision that permits defendants to transfer Jakupovic to Cook County. That statute, however, applies only to parolees and probationers, not pretrial detainees. *See* 730 ILCS 5/5-6-3. Jakupovic was detained subject to bond conditions imposed by the court, and plaintiff provides no source for the defendants' alleged power to override the court's order.

Count II and III must also fail based on immunity of each defendant. As the Complaint alleges, the court ordered Jakupovic to be taken into custody and placed on electronic surveillance. Dkt. 1 at ¶ 18. The court also denied Jakupovic's emergency motion relating to the fulfillment of the bond condition of electronic monitoring. *Id.* at ¶ 21-22. As is clear from 725 ILCS 5/110-5(a), the Court has the authority to set bail and conditions of release. *See also Campa*, 217 Ill. 2d at 264. Not

only does Sheriff Curran not have the authority to unilaterally transfer Jakupovic to another county, but is immune from suit because the challenged conduct is based on a court order. *See Richman v. Sheahan,* 270 F.3d 430, 436-37 (7th Cir. 2001). Such immunity "avoids the 'untenable result' of requiring 'sheriffs and other court officers who enforce properly entered judgments pursuant to facially valid court orders to act as appellate courts, reviewing the validity of both the enforcement orders and the underlying judgments before proceeding to collect on them.'" *Id.* at 437 (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986)).

Defendants Hecker and Barrett are similarly immune. Hecker was the Lake County Principal Probation Officer who prepared the ODARA report ordered by the court and indicated in the report that Jakupovic was a resident of Cook County. Dkt. 1 at ¶ 8. For his part, Barrett was responsible for pretrial detainees and electronic monitoring as the Lake County Pretrial Unit Manager. *Id.* at ¶ 7. The Complaint is devoid of any allegations that Hecker or Barrett acted outside of the scope of their employment without a court order, and thus they are entitled to quasi-judicial immunity. *See Cooney v. Rossiter,* 583 F.3d 967, 970 (7th Cir. 2009) (individuals acting as arms-of-the-court are entitled to absolute immunity). Furthermore, plaintiff does not allege any failing or inaccuracy by Hecker in her preparation of the report, and makes no specific allegation of what Barrett did, if anything. The Complaint simply identifies Barrett's role in Lake County Jail with no other factual allegations. Accordingly, this Court finds Hecker and Barrett entitled to immunity.

ASA Fusz was the Lake County prosecutor assigned to the case and who requested the court place Jakupovic under electronic surveillance. Dkt. 1 at ¶ 15. Prosecutors are absolutely immune from liability "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Houston v. Partee,* 978 F.2d 362, 365 (7th Cir. 1992) (internal quotations and citations omitted); *see also Van de Kamp v. Goldstein,* 555 U.S. 335, 342 (2009). Here, as alleged, ASA Fusz was presenting the State's

case by requesting certain bond conditions for Jakupovic. The allegations therefore do not even suggest that Fusz was engaged in administrative or investigative tasks, in which case the immunity would not apply. *See Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991). Although immunity defenses are not usually decided at the dismissal stage, a plaintiff may plead himself out of court where, as here, the factual allegations support only the conclusion that defendants are immune from liability. *See United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005); *see e.g., Bianchi v. McQueen*, 818 F.3d 309, 323 (7th Cir. 2016).

Because this Court finds no due process violation and finds the defendants are entitled to immunity, it need not reach the question of whether plaintiff has stated a claim for false imprisonment in Count IV. The Court notes, however, that it is without jurisdiction to review the propriety of the state court's order setting bond conditions even if it was erroneous. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999).

**Conclusion**

Plaintiff's claims are futile because they stem from a judicial order and the appropriate vehicle for challenging that order is appeal. Based on the foregoing discussion, the Complaint is dismissed with prejudice.


IT IS SO ORDERED.

ENTERED:


Dated: August 11, 2016

_____

SHARON JOHNSON COLEMAN
United States District Judge